Eric BROCKELL, Appellant,

v.

Alma NORTON; Bill Turner; Ronald Storey; Joyce B. Hall; O. V. Adams; Ed L. Wallace; Bonner Ford, Individually and in their own official capacity as Mayor and City Council Members of the City of Marvell; and The City of Marvell, Appellees.

No. 81–1842.

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1982.

Decided Sept. 22, 1982.

Before HEANEY and ARNOLD, Circuit Judges, and COLLINSON,* Senior District Judge.

HEANEY, Circuit Judge.

The appellant, Eric Brockell, brought this action under 28 U.S.C. § 1331, and 42 U.S.C. §§ 1983 & 1985, contesting his discharge from his job as a radio operator-dispatcher for the police force of the City of Marvell, Arkansas. He alleged deprivation of his constitutional rights under the First, Fifth and Fourteenth Amendments of the federal Constitution. The district court[1] issued findings of fact and conclusions of law adverse to Brockell, and a judgment dismissing the complaint was entered on July 15, 1981. Brockell appeals this judgment; we remand for further proceedings in connection with his First Amendment claim.

I.

BACKGROUND

Brockell was hired as a radio operator-dispatcher for the Marvell police force on July 1, 1978. Up until the time of his discharge, he was a full-time employee of the City under an oral agreement which had no definite term of duration. In February of 1980, Brockell learned that an officer of the Marvell, Arkansas, Police Force possessed a document which Brockell reasonably and in good faith believed was a copy of the certification test to be given to that officer and others by the Arkansas State Law Enforcement Standard Commission. Brockell almost immediately went to the Chief of Police for the City of Marvell, Bill Erickson, with this information. When it appeared to Brockell that nothing was going to be done about this apparent impropriety in police conduct, he made an anonymous phone call on February 29, 1980, reporting the incident to Captain James Vir-

---

\* The Honorable William R. Collinson, United States Senior District Judge, for the Eastern District of Missouri, sitting by designation.

1. The Honorable William R. Overton, United States District Judge for the Eastern District of Arkansas.

den of the Pine Bluff Police Department.[2] At all times relevant to these events, an unwritten "chain-of-command" rule was in effect in the Marvell Police Department; this rule generally required employees of the force to bring official matters to the Chief of Police initially, and then to the mayor, Alma Norton, if any matter was not resolved by the Chief.

The mayor and the city council learned of Brockell's report to Captain Virden on March 11, 1980. At an executive session on that day, the mayor and the council members—appellees herein—voted to terminate Brockell's employment because he violated the "chain-of-command" complaint procedure. Brockell received no notice or hearing prior to the vote to discharge him. Shortly after his termination, he drafted a letter of recommendation to assist him in seeking future employment, which was signed by the individual appellees. The letter stated that Brockell did his work well and recommended him for similar employment. It also stated that the reason for his dismissal was that he had reported that two police officers had a copy of an exam paper from the police school that they were attending.

The present action was filed on June 12, 1980. The district court, sitting without a jury, found that Brockell had no property interest in continued employment with the City which would accord him procedural due process protection under the Fourteenth Amendment. It also found the circumstances of his dismissal did not breach a constitutionally protectable liberty interest because private threats made by the mayor to Brockell concerning her ability to frustrate his future employment opportunities

with the state were never carried out. Brockell appeals from these conclusions, again asserting his procedural due process claims, his First Amendment claim of interference with his right to free speech, and trial error based on some minor findings of fact made by the district court.[3]

## II.

## PROCEDURAL DUE PROCESS CLAIMS

We agree with the holding of the district court that Brockell did not have a protectable property interest in his job and that his liberty interest to pursue future employment was not breached in connection with his dismissal.

### A. Property Interest Claim.

In contesting a discharge from employment by a state entity, the discharged employee may assert procedural due process rights under the Fourteenth Amendment of the federal Constitution if he or she establishes that a property interest in the state position existed.[4] Such a protectable property interest is not an automatic consequence of all public employment. For the purposes of the Fourteenth Amendment, a property interest does not exist unless the employee has a "legitimate claim of entitlement" to the public job. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972).

In the present case, the district court applied the proper standard in determining whether Brockell had such a property interest in his job of radio operator-dispatcher for the City of Marvell Police Department:

**2.** Apparently Captain James Virden had some authority in the testing and certification of police officers in the State of Arkansas.

**3.** We disregard arguments made by Brockell concerning erroneous findings of fact allegedly made by Judge Overton. Even assuming the Judge made minor errors in stating his findings, which we do not decide, the errors asserted have no relevance whatsoever to the substance of Brockell's claims.

The district court also dismissed Brockell's section 1985 claim of conspiracy to interfere

with his civil rights. Although we are inclined to agree with the district court, we need not pass on this issue since it has not been pressed on appeal.

**4.** Although Brockell's complaint alleged infringement of constitutional rights under both the Fifth and Fourteenth Amendments of the federal Constitution, his due process rights under only the Fourteenth Amendment are implicated in this case since the United States is not a party herein.

the court looked first to Brockell's contract and Arkansas state law to determine if there were any "rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.* The parties stipulated that Brockell worked under an oral agreement with no definite term of duration. Brockell concedes that there was no Arkansas law which protected his employment from immediate termination. *Cf. Gilbreath v. East Arkansas Planning Commission & Development District, Inc.*, 471 F.Supp. 912, 923 (E.D.Ark.1979) (absence of contract with specific term of duration makes employment relationship terminable at will of either party under Arkansas law). Since Brockell's oral contract of employment contained no term of duration and Arkansas law provided no legitimate expectation of his continued employment, neither of these sources are sufficient to support his property interest due process claim.

A plaintiff may alternatively establish a property interest by showing "mutually explicit understandings" or common practices and agreements derived from the employer-employee relationship which would create a sufficient expectancy of continued employment to merit some due process. *Perry v. Sindermann*, 408 U.S. 593, 600–603, 92 S.Ct. 2694, 2699–2700, 33 L.Ed.2d 570 (1972); *Kyles v. Eastern Nebraska Human Services*, 632 F.2d 57, 60–61 (8th Cir. 1980). Brockell presented no evidence showing that any such understandings or practices existed. We therefore agree with the finding of the district court that there was no custom or practice in the City of Marvell Police Department on which to base his property interest claim.

Brockell's reliance on *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980), to support the contention that the due process clause protects property interests independent of their creation by state law or otherwise is misplaced. The Supreme Court in *Owen* dealt with the issue of a municipality's immunity from suit under 42 U.S.C. § 1983. In that context, the Court stated that fed-

eral law of sovereign immunity would control over any assertion of a state immunity defense. *Owen v. City of Independence, supra*, 445 U.S. at 647 n.30, 100 S.Ct. at 1414 n.30. Contrary to Brockell's argument before the district court and on appeal, this language is not applicable to the content of the property interests protected under the due process clause. The *Owen* Court did not even attempt to discuss the elements required to establish a property interest procedural due process claim. *See Owen v. City of Independence, supra*, 445 U.S. at 633 n.13, 100 S.Ct. at 1406 n.13 (accepting conclusion of Court of Appeals that petitioner had been deprived of liberty without due process of law) and *id.* at 630 n.10, 100 S.Ct. at 1405 n.10 (citing district court finding that petitioner had no constitutionally protectable property interest since he was an untenured employee); *cf. Board of Regents v. Roth, supra*, 408 U.S. at 577, 92 S.Ct. at 2709 ("Property interests, of course, are not created by the Constitution.").

The district court correctly considered each of these assertions of Brockell's property interest procedural due process claim. We therefore affirm its holding that Brockell had no property interest in continued employment within the meaning of the Fourteenth Amendment.

### B. *Liberty Interest Claim.*

Brockell further argues that the circumstances of his discharge violated his procedural due process rights because his dismissal, without an opportunity to respond to the accusations against him, stigmatized him and thus impaired his ability to obtain other employment. This argument apparently rests on a liberty interest procedural due process right which gives the public employee some opportunity to hear and respond to employer accusations which impugn her or his "good name, reputation, honor, or integrity * * *," *Board of Regents v. Roth, supra*, 408 U.S. at 573, 92 S.Ct. at 2707.

In the instant case, Brockell relies primarily on statements made privately to

him by the mayor in connection with his discharge as the basis for his liberty interest claim.[5] These statements were basically threats concerning actions the mayor might take to frustrate Brockell's chances for future employment in the law enforcement field in the State of Arkansas. We fail to see how these threats, absent any action taken to carry them out, invade Brockell's liberty interests without due process of law. Liberty interests are not violated by the private disclosure of reasons for discharge from public employment "when there is no public disclosure of the reasons for the discharge." *Bishop v. Wood*, 426 U.S. 341, 348, 96 S.Ct. 2074, 2079, 48 L.Ed.2d 684 (1976). Private threats made in conjunction with a discharge likewise do not violate Brockell's liberty interests here.[6] We need not decide if any liberty interests would have been breached had the mayor's threats been acted upon.

### III.

### FIRST AMENDMENT CLAIM

Brockell also asserts a violation of his First Amendment right of free speech, which is applicable as a restraint on state action through the Fourteenth Amendment. He maintains that information concerning possible misconduct in the certification of police officers is a matter of public concern and that his discharge from public employment because of his communication of that information to Captain Virden constituted

an abridgment of speech in violation of the Constitution. The appellees respond that Brockell was discharged solely for his disregard of the "chain-of-command" policy, not his exercise of his right of free speech. This response ignores the fact that it was Brockell's exercise of speech which amounted to the disregard of the "chain-of-command" policy. Therefore, the issue to be decided is whether that policy, as applied to Brockell, violated his First Amendment rights.

■ In deciding this issue of First Amendment protection, the test to be applied is that stated in *Pickering v. Board of Education*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968).[7] In *Pickering*, a public school teacher was dismissed as a result of the teacher's letter to a local newspaper concerning the school board's use of public funds: the board felt that such action was "detrimental to the efficient operation of the schools of the district." *Id.* at 564, 88 S.Ct. at 1732. The test developed by the Supreme Court in that case to determine whether such speech deserved First Amendment protection was to "arrive at a balance between the interests of the teacher, as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees." *Id.* at 568, 88 S.Ct. at 1734; *accord Atcherson v. Siebenmann*, 605 F.2d 1058, 1063 (8th Cir. 1979) (applying *Pickering* test to letter sent by probation officer,

---

**5.** Brockell also refers to articles which were published in various newspapers around the state as a basis for the contention that his name, reputation, honor and integrity were damaged by the circumstances of the discharge. An examination of these articles reveals, however, that they were published on June 13 and 14, 1980, the days immediately following the filing of this action by Brockell. The record does not establish that any of this publicity was initiated by the appellees; thus, even assuming that the content of these articles might infringe a protectable liberty interest of Brockell, any such infringement cannot be attributed to the appellees.

**6.** The letter of recommendation signed by the individual appellees did say that Brockell was fired because he reported two police officers

for believed misconduct, but public communication of an employee's failure to "properly follow administrative guidelines and operating procedures" does not stigmatize that employee and hamper future employment opportunities. *Nathanson v. United States*, 630 F.2d 1260, 1264–1265 (8th Cir. 1980).

**7.** Unlike the analysis under a procedural due process claim, lack of a contractual or tenure right to continued public employment does not affect the substantive protections of free speech created by the First Amendment. *Perry v. Sindermann*, 408 U.S. 593, 598, 92 S.Ct. 2694, 2698, 33 L.Ed.2d 570 (1972); *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 283–284, 97 S.Ct. 568, 574, 50 L.Ed.2d 471 (1977).

alleging misuse of mileage reports in Johnson County Juvenile Probation Office, to Assistant County Attorney in violation of probation office directive requiring all interagency correspondence to be channeled through the chief probation officer), and *Reel v. Arkansas Department of Correction,* 672 F.2d 693, 697 (8th Cir. 1982) (stating that the balancing test of *Pickering* "is the standard applicable to decide whether the Arkansas Department of Correction chain-of-command policy can withstand constitutional scrutiny"). The test to be used is the same whether the speech at issue is public, as in a letter to a newspaper, or private, as in a report to individuals. *Nathanson v. United States,* 630 F.2d 1260, 1262–1263 (8th Cir. 1980) (free speech protection extends to political views expressed to Army Corps of Engineers supervisor); *Atcherson v. Siebenmann, supra,* 605 F.2d at 1062–1063.

■ Application of the *Pickering* test to the facts of Brockell's case will decide the merits of his First Amendment claim. The City of Marvell's interest in the efficient operation of its police department and any other justification for its application of the "chain-of-command" policy must be balanced against Brockell's interest as a citizen in communicating his belief of improprieties in the police force to those he felt would be able and willing to act on that information. Relevant to this balancing analysis would be the public importance of the matter communicated by Brockell, *see Atcherson v. Siebenmann, supra,* 605 F.2d at 1063 (allegations of misuse of public funds are a matter of "compelling public concern"); Brockell's mode of communication, *id.* at 1063 n.6 (use of private communication would normally cause less disruption than public disclosure); Brockell's original attempt to initiate an official investigation of the believed improprieties by properly reporting the matter to Marvell Chief of Police Bill Erickson; the period of inaction on that report before Brockell went to the Pine Bluff authorities; and the unlikelihood of proper resolution of the matter if Brockell had stayed within the "chain-of-command" given facts known to Brockell at the time of his anonymous call.

Ordinarily after applying the *Pickering* balancing test, a First Amendment claim of this type includes a finding of causation as in *Mt. Healthy City School District Board of Education v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977) (plaintiff's showing that protected conduct was a "substantial" or "motivating" factor in contested discharge shifting the burden to the defendant to show by a preponderance of the evidence that it would have discharged the plaintiff even absent the protected conduct). The record in the present case obviates the need for this causation analysis, however, since the appellees admit that Brockell's report to Captain Virden was the sole cause of the discharge.

■ Although we anticipate no new evidence which would bear significantly on the resolution of the *Pickering* aspect of Brockell's First Amendment claim, we remand to the district court to decide this issue, since it was not explicitly mentioned in the court's findings of fact and conclusions of law.[8] *See Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976). The district court may hear any additional evidence or legal argument it may deem necessary to this determination of whether Brockell's action was protected conduct under the First Amendment. *Id.*

## IV.

### CONCLUSION

We affirm the district court's judgment insofar as it dismisses Brockell's procedural

---

**8.** We do not fault Judge Overton for neglecting to decide this issue, since the arguments of counsel raised throughout the trial and most of the evidence presented was directed toward Brockell's procedural due process claims. Counsel for Brockell might have been more direct in his assertion of this First Amendment claim; nonetheless, the issue has not been waived or otherwise lost through some application of res judicata principles, since Brockell clearly alleged interference with First Amendment rights in his complaint and evidence relevant to this issue was presented at trial. *But cf. Roach v. Teamsters Local Union No. 688,* 595 F.2d 446, 450 (8th Cir. 1979) (plaintiff could not relitigate cause of action previously decided simply by asserting new theory).

due process claims. We remand, however, for determination of his First Amendment claim and further proceedings consistent with this opinion necessary to that determination.