**Richard GREENO, Appellant,**

**v.**

**LITTLE BLUE VALLEY SEWER DISTRICT; Marsha J. Murphy; Mary Lou Smith; Robert E. Hertzog, parties immediately above-individually and as members of the Board of Trustees of Little Blue Valley Sewer District; Fred Arbanas, as a member of the Board of Trustees of Little Blue Valley Sewer District; Ray White, Appellees.**

**No. 92–3453.**

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1993.

Decided June 15, 1993.

John B. Williams, Kansas City, MO, argued for appellant.

Gary E. Armbrust, Kansas City, MO, argued (John R. Phillips, on the brief), for appellees.

Before McMILLIAN, Circuit Judge, HENLEY,* Senior Circuit Judge, and BEAM, Circuit Judge.

McMILLIAN, Circuit Judge.

Richard Greeno, Jr., appeals from a final order entered in the United States District Court for the Western District of Missouri [1] granting summary judgment for appellees, Little Blue Valley Sewer District and the individual members of the board of trustees (collectively referred to as the District) in Greeno's wrongful employment termination case. The district court ruled that, as a matter of law, there was no genuine issue of material fact regarding whether Greeno had a protected property interest in his employment with the District. *Greeno v. Little Blue Valley Sewer District,* No. 91–0438–CV–W–9, slip op. at 14, 1992 WL 515339 (W.D.Mo. Sept. 9, 1992) (*Greeno*). For reversal, Greeno argues the district court erred in granting summary judgment for the District because there was a genuine issue of material fact in dispute whether he was more than an employee at will and thus had a protected property interest in his employment. We affirm the order of the district court.

The District is a municipal corporation and political subdivision of the state. It is governed by a five-member board of trustees. In September 1987, the board of trustees adopted a personnel policy and employee handbook. The employee handbook included a progressive discipline policy and stated that employees would receive reasonable notice of performance problems and would be protected against arbitrary action.

Greeno was hired by the District in November 1979 as an operator I and received several promotions during his employment. He worked his way up the job hierarchy to the position of collections systems superintendent. While employed by the District, Greeno never had a contract of employment for a fixed period of time. In October 1990, the board of trustees appointed Greeno as acting assistant administrator. Greeno accepted this appointment, but he also wrote to the acting administrator that he reserved the right to return to his former position as collections systems superintendent. In August 1990, the incumbent Jackson County Supervisor was defeated in the primary election. The newly-elected supervisor appointed new trustees and shortly thereafter the

---

* Judge Henley agreed in conference with the result in this case, but became ill and was unable to participate further before the filing of the opinion.

1. The Honorable D. Brook Bartlett, United States District Judge for the Western District of Missouri.

District terminated Greeno from his position as acting assistant administrator.

Greeno filed a complaint in federal district court against the District, alleging civil rights violations. Greeno alleged that the employee handbook applied to his position as acting assistant administrator and that, contrary to the personnel policies contained therein, he was not terminated for good cause, his termination was arbitrary and capricious, and he was not afforded procedural due process.

The District filed a motion for summary judgment because Greeno had no protected property interest in his continued employment because he was an employee at will. The district court granted summary judgment for the District, finding that Greeno did not base his claimed property interest on a state statute or regulation or on a contract of employment. *Greeno,* slip op. at 9. The district court examined Missouri employment law and found that in Missouri, in the absence of an employment contract for a definite term or a contrary statutory provision, an employer may discharge an employee at any time, without cause or reason, or for any reason. *Id., citing Amaan v. Eureka,* 615 S.W.2d 414, 415 (Mo.1981) (banc).

The district court concluded that in Missouri, an employee handbook neither alters the status of an employee at will nor creates any enforceable property rights upon which the employee may rely in challenging his or her termination. *Greeno,* slip op. at 10, *citing Johnson v. McDonnell Douglas Corp.,* 745 S.W.2d 661, 663 (Mo.1988) (banc) (expressly refusing to adopt an employee handbook exception to the employment at will doctrine; employee handbook is merely an informational statement of employer's self-imposed policies). The district court also determined that a reasonable employee at will could not have interpreted the employee handbook as an unilateral offer to modify his or her status as an employee at will. *Greeno,* slip op. at 12. The district court noted that the employee handbook at issue in the present case had been unilaterally adopted and was not the product of labor-management negotiations. *Id.* The employee handbook contained statements that the District reserved the right to make changes to any of the policies and procedures at any time without notice and that the policies and procedures were intended to be a guide to "facilitate" operations, and granted the District discretion in applying the policies and procedures. *Id.*

In addition, the district court found irrelevant the fact that Greeno had accepted the appointment as acting assistant administrator but reserved the right to return to his former position. The district court concluded that Greeno's reservation, or even the District's implied assurance that he could so return, could not be construed as a promise of employment for a definite term or fixed duration so as to alter his status as an employee at will. *Id.* at 13. The district court also found that the employee handbook's progressive discipline policy was not definite or certain enough to constitute a contractual offer to Greeno sufficient to alter his status as an employee at will. *Id.*

We review a grant or denial of summary judgment *de novo.* The question before the district court, and this court on appeal, is whether the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact and that the party moving for summary judgment is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see, e.g., Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); *Get Away Club, Inc. v. Coleman,* 969 F.2d 664, 666 (8th Cir.1992); *Ford v. Dowd,* 931 F.2d 1286, 1289 (8th Cir.1991).

For reversal, Greeno argues the district court erred in granting summary judgment for the District because there was a genuine issue of material fact in dispute, that is, whether the District adopted the employee handbook in order to provide job protection for its employees. Greeno argues the employee handbook specifically restricts the discretion of the employer to certain step-by-step actions and thus limits arbitrary action. He argues that all the circumstances surrounding his employment at least raise a genuine issue of material fact about whether

the District's adoption of the employee handbook, and the personnel policies and procedures contained therein, altered the relationship between the District and its employees from employment at will to a legitimate claim of entitlement.

The District argues that the district court correctly found that, as a matter of law, Greeno did not have a legitimate claim of entitlement in continued employment. The District argues that the district court's analysis of the nature of Greeno's employment was correct, that is, Greeno was an employee at will. The District further argues that the district court correctly found that the employment at will relationship had not been altered or modified by the District's adoption of the employee handbook.

In addition, the District argues the employee handbook was self-imposed, provided a non-exclusive list of conduct subject to discipline, and reserved the right to interpret the employee handbook, take necessary and appropriate action and make changes at any time without notice. The District argues Greeno could not have reasonably interpreted this kind of language, which reserved broad discretion over personnel matters to the District, as an offer modifying or altering the employment at will relationship. Moreover, the District argues that the employee handbook does not expressly guarantee permanent employment and that the voluntary adoption of certain personnel procedures, without more, cannot create a substantive property right.

The District finally argues that Greeno's reservation of a "right" to return to his former position was not a promise of permanent employment or a contract of employment for a definite term or fixed duration. In other words, the District argues that even if Greeno had reserved the right to return to his former position, he would have been an employee at will in that position as well.

We hold the district court did not err in finding that, as a matter of Missouri law, the employee handbook did not create a protected property interest in continued employment, assuming for purposes of analysis that the employee handbook covered the position of acting assistant administrator. Because Greeno could not establish that he had a protected property interest, he had no right to procedural due process.

Protected property interests are established by state law. *See Bishop v. Wood,* 426 U.S. 341, 341–42, 96 S.Ct. 2074, 2075–76, 48 L.Ed.2d 684 (1976) (the sufficiency of a claim of entitlement in public employment must be decided by reference to state law); *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972) (protected property interest is not an automatic consequence of all public employment, it is initially a matter of state law); *Skeets v. Johnson,* 805 F.2d 767, 777 (8th Cir.1986) (property interests are defined by independent sources such as state law); *Brockell v. Norton,* 688 F.2d 588, 590 (8th Cir.1982) (property interest does not exist unless the employee has a legitimate claim of entitlement). We review district court determinations of state law *de novo. Salve Regina College v. Russell,* 499 U.S. 225, ——, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991). We agree with the district court that in Missouri, employees at will can be terminated for any reason or no reason as long as the termination is not otherwise unlawful. The Missouri Supreme Court has held that employee handbooks cannot alter or modify employment at will status. *Johnson v. McDonnell Douglas Corp.,* 745 S.W.2d at 663; *see also Dake v. Tuell,* 687 S.W.2d 191, 193 (Mo. 1985) (banc); *Amaan v. Eureka,* 615 S.W.2d at 415, *quoting Christy v. Petrus,* 365 Mo. 1187, 295 S.W.2d 122, 124 (1956) (banc). In the present case, Greeno was an employee at will and the employee handbook did not alter his status as an employee at will.

Accordingly, the order of the district court is affirmed.