**Emmett Dean ROBINSON, Appellant,**

**v.**

**The CITY OF MONTGOMERY CITY, et al., Appellees.**

**No. 86–1532.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 1987.

Decided Jan. 27, 1987.

Daniel P. Card, II, St. Louis, Mo., for appellant.

John B. Morthland, Hannibal, Mo., for appellees.

Before LAY, Chief Judge, HEANEY and ARNOLD, Circuit Judges.

PER CURIAM.

Emmett Dean Robinson, former Police Chief of the City of Montgomery City, Mis-

souri, brought this action under 42 U.S.C. § 1983 against the City claiming that his dismissal as Police Chief has deprived him of liberty and property without due process of law. The District Court[1], 651 F.Supp. 493 (1986), dismissed the complaint, and Robinson appeals.

We affirm, substantially for the reasons stated in the District Court's opinion. Robinson claims that an ordinance of the City gave him a property interest in his appointed position as Police Chief, and it is possible that this claim might have merit, but for the fact that, as the District Court held, the ordinance is invalid under State law. Mo.Ann.Stat. § 79.240 provides that appointed officials in cities of the fourth class are employees at will, and the Missouri state courts, as the District Court's opinion explains, have held that this statute overrides and invalidates ordinances such as the one upon which plaintiff here bases his claim. Property interests are not created by the Constitution itself. They must find their basis in some independent source, such as state law, and here state law negatives the theory upon which plaintiff attempts to proceed.

We also agree with the District Court's holding that no liberty interest was involved here. Plaintiff claims that when he was discharged a press release was issued by the City stating that the dismissal was based upon the City's dissatisfaction with plaintiff's performance. This kind of statement is not sufficiently stigmatizing to give plaintiff a liberty-interest right to a name-clearing hearing. No imputation of dishonesty, moral turpitude, or the like is involved.

Because the opinion of the District Court appears to us to discuss adequately all the issues involved, we forego a fuller statement. See 8th Cir.R. 14. The judgment is

Affirmed.

1. The Hon. Stephen N. Limbaugh, United States District Judge for the Eastern and Western Districts of Missouri.