779 F.Supp. 468 (1991)
Marguerite L. WEFEL, Plaintiff,
v.
The ROCKWOOD R-6 SCHOOL DISTRICT, et al., Defendants.
No. 91-1278C(6).
United States District Court, E.D. Missouri, E.D.
December 30, 1991.
*469 William J. Fletcher, Kirkwood, Mo., for plaintiff.
Thomas A. Mickes, Timothy J. Sarsfield, Peper, Martin, Jensen, Maichel & Hetlage, St. Louis, Mo., for defendants.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on defendants' motion for summary judgment. Plaintiff Marguerite L. Wefel's complaint alleges that defendants, the Rockwood R-6 School District and individuals associated with that district, violated the Fourteenth Amendment's guarantee of due process.
Plaintiff was a tenured librarian with the Rockwood School District. In April 1990, plaintiff accepted early retirement effective June 1990. Plaintiff's communications with defendants indicated that she desired to retire in order to take care of an ill family member. Plaintiff now maintains *470 that the sick family member was her niece who was born with Down's Syndrome and that plaintiff was so traumatized by her niece's condition that she was mentally incompetent to make a decision of this magnitude. Plaintiff asserts that when she regained her mental capacity in July 1990 she requested reinstatement, although she soon thereafter withdrew this request. In September, plaintiff again requested reinstatement, and in December, plaintiff, through her attorney, sought a hearing on her competency to enter into the original contract for retirement. Defendants refuse to reinstate plaintiff or hold a hearing on this or any issue relating to her early retirement.
Defendants contend that they did not deprive plaintiff of a protected property or liberty interest. Defendants agree with plaintiff that a tenured employee has a protected property interest in continued employment, but maintain that plaintiff freely decided to accept early retirement without even the slightest encouragement or suggestion from defendants, other than the announcement of the policy in the Staff Newsletter. Thus, plaintiff deprived herself of her property interest. Furthermore, defendants assert that they have not made any false public statements regarding plaintiff and that loss of employment without such false public statements does not constitute deprivation of a protected liberty interest.
Plaintiff opposes defendants' motion on two grounds. First, plaintiff asserts that her incompetence when she accepted early retirement makes that contract voidable and, therefore, defendants' refusal to hold a hearing constitutes discharge of a tenured employee without notice and a hearing. Second, plaintiff contends that defendants placed a letter in her personnel file characterizing plaintiff as a "liar and a fake." Plaintiff believes that potential employers accessed this information, resulting in stigmatization to her reputation.
Defendants object to plaintiff's assertions of law and fact. Defendants' reply, supported by affidavit, maintains that state law and district policy permits the district to disclose only dates of employment and positions held. Accordingly, the letter placed in plaintiff's personnel file was not publicly disclosed and plaintiff was not deprived of a protected liberty interest. With regard to plaintiff's property interest, defendants claim that even if the court accepts plaintiff's argument that the retirement contract is voidable, defendants hired a replacement for plaintiff, thus changing position in reliance on the plaintiff's resignation. They conclude, therefore, that plaintiff's retirement contract would no longer be voidable.[1]
Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). See also Poller v. Columbia Broadcasting Sys., Inc., 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). The burden of proof is on the moving party and a court should not grant a summary judgment motion unless it is convinced that there is no evidence to sustain a recovery under any circumstances. Foster v. Johns-Manville Sales Corp., 787 F.2d 390, 392 (8th Cir. 1986). Under Rule 56(e), however, a party opposing a properly supported motion for summary judgment may not rest upon the allegations of his pleadings but must present affirmative evidence from which a jury might return a verdict in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S.Ct. 2505, 2514-15, 91 L.Ed.2d 202 (1986).
Due process requirements apply if state action has deprived an individual of a constitutionally protected liberty or property interest. See Board of Regents v. Roth, 408 U.S. 564, 570-71, 92 S.Ct. 2701, 2705-06, 33 L.Ed.2d 548 (1972); Walker v. City of Kansas City, 911 F.2d 80, 93 (8th *471 Cir.1990), cert. denied, ___ U.S. ___, 111 S.Ct. 2234, 114 L.Ed.2d 476 (1991). Tenured faculty enjoy a protected property interest because tenure guarantees a teacher continued employment unless sufficient cause is shown for termination. Perry v. Sindermann, 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972). Voluntary resignation, without force or coercion, however, does not violate a tenured teacher's right to procedural due process of law because state action does not cause the deprivation. Stone v. University of Maryland Medical Sys. Corp., 855 F.2d 167, 173 (4th Cir.1988); Unified School Dist. No. 457 v. Phifer, 729 F.Supp. 1298, 1303 (D.Kan.1990).
The Fourteenth Amendment also protects against deprivation of a liberty interest without due process, but this protection does not arise every time an individual loses her job. Robinson v. Montgomery, 651 F.Supp. 493, 495 (E.D.Mo.1986), aff'd, 809 F.2d 1355 (8th Cir.1987). Loss of employment, if accompanied by false public statements tending to stigmatize, however, would constitute deprivation of a protected liberty interest. Codd v. Velger, 429 U.S. 624, 628, 97 S.Ct. 882, 884, 51 L.Ed.2d 92 (1977) (per curiam).
In this action, plaintiff had a protected property interest in continued employment, which she lost, but essential to a due process claim is state action causing the deprivation. Plaintiff instigated her early retirement. There is simply no evidence to show any improper behavior by defendants, either in taking advantage of plaintiff's alleged mental condition or coercing or inducing her into retirement. Beyond developing and announcing an early retirement plan, defendants did nothing to encourage plaintiff's resignation.
Even if the Court determined that plaintiff's contract was voidable, this would not alter the prior reasoning. A voidable contract differs from a void contract in that the latter has no force and effect from creation while the former is void after a court invoking its equitable powers sets it aside. In re Estate of Cantonia v. Sindel, 684 S.W.2d 592, 595 (Mo.Ct.App.1985); Coalition to Preserve Educ. of the Westside v. School Dist., 649 S.W.2d 533, 548 (Mo.Ct. App.1983). When plaintiff requested a hearing, no court had voided the retirement contract and, therefore, it was still in force. Plaintiff through her own actions was no longer a tenured employee.
Plaintiff's assertion that defendants deprived her of a protected liberty interest without due process of law also fails. Plaintiff claims stigmatization from remarks contained in a letter in her personnel file. State law and district policy prevent disclosure of this letter. Defendants state by affidavit that they have complied with these policies. Plaintiff has not supplied any evidence to the contrary. There is no evidence to sustain a recovery under any circumstances.[2]
Accordingly, the Court will grant defendants' motion for summary judgment.
NOTES
[1] Their reply also raises new issues of qualified immunity and the absence of an affidavit as required by Fed.R.Civ.P. 56(f) if a party contends that it cannot present facts to support its opposition to the motion because necessary discovery has not yet occurred.
[2] Plaintiff seeks time for discovery but did not file a Rule 56(f) affidavit. Further, from plaintiff's statements at her deposition it appears unlikely that future discovery would produce new information.