Paul MASCHO, Jr., Appellant,

v.

Jim GEE; George Franks, sued as Lieutenant George Franks; Arkansas State Highway and Transportation Department, Appellees.

No. 93–3515.

United States Court of Appeals,
Eighth Circuit.

Submitted March 16, 1994.

Decided May 12, 1994.

Rehearing Denied June 16, 1994.

John P. Lewis, Hot Springs, AR, argued, for appellant.

Calvin Gibson, Little Rock, AR, argued (Robert L. Wilson and Tom Lorenzo, on the brief), for appellees.

Before BEAM, Circuit Judge, BRIGHT, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Paul William Mascho, Jr., brought this action under 42 U.S.C. § 1983 and Arkansas law against the Arkansas State Highway and Transportation Department ("the Department") and two of its employees following the resolution of Arkansas Employment Security Department proceedings. Mr. Mascho claims that the Department discharged and defamed him in violation of the due process guarantee of the Fourteenth Amendment. The district court[1] granted summary judgment in favor of the defendants, and Mr. Mascho appealed. At issue is whether the reasons given for Mr. Mascho's discharge, that he failed to report possible drug use by subordinates, is sufficiently stigmatizing so as to constitute a deprivation of his liberty interest in his reputation. We hold that it is not and therefore affirm. We set forth hereafter such facts as the record would justify a reasonable juror in finding.

### I.

Mr. Mascho was employed as a geotechnical drill party chief with the Department, responsible for the supervision of a five-person work crew. When performing work at an out of town site, the crew members went home for the weekends while leaving their drilling equipment at the job site. Upon returning to work after one such weekend, the crew discovered approximately $16,000 worth of drilling equipment missing from a Department vehicle. Mr. Mascho reported the theft to the Department and to local law enforcement authorities.

Appellee Jim Gee, head of the Department's Material Division, requested an investigation, which was conducted by Appellee First Lieutenant George Franks of the Department Police. During the course of the investigation, information from the United States Drug Enforcement Administration indicated possible drug involvement by members of Mascho's crew. Mr. Mascho was interviewed under oath about his knowledge of any drug use by members of his crew.

During the course of the interrogation, Mr. Mascho informed Lieutenant Franks that he believed that he once "smelled the odor of marijuana coming from a motel room where the crew members were staying." Affidavit of Paul Mascho, Jr., at 2–3. After the interview, Mr. Mascho was immediately suspended, and subsequently terminated. The official reason given by Mr. Gee for Mr. Mascho's termination was that he was "not performing the functions of a supervisor."

Mr. Mascho filed a claim for unemployment benefits with the Arkansas Employment Security Department ("ESD"). The Highway and Transportation Department challenged this claim, alleging that he was terminated for misconduct. The Department charged that Mr. Mascho violated the spirit of the drug-free workplace policy when he failed to report possible drug use by members of his crew. ESD determined that Mr. Mascho was qualified for benefits, and the Department appealed to an ESD Appeals Referee, who affirmed. Mr. Mascho then instituted the present action.

### II.

Mr. Mascho claims that the Department wrongfully discharged him and articulated reasons for his discharge which were so damaging to his reputation as to infringe his liberty to secure new employment. Mr. Mascho's complaint alleges that this deprivation of liberty occurred without the due process guaranteed by the Fourteenth Amendment.

### A.

■ Mr. Mascho claims that he was wrongfully discharged by the Department. He admits that under Arkansas law, his employment with the Department was terminable at will and that he could be discharged without cause. Nevertheless, he contends that Arkansas law recognizes an exception to the at-will doctrine where an employee was terminated in violation of the general public policy of the state. Public policy of the State of Arkansas was violated, according to Mascho, when he "was terminated for something he did not do."

---

1. The Honorable H. Franklin Waters, Judge, United States District Court for the Western District of Arkansas.

It is "generally recognized that the public policy of a state is to be found in its Constitution and statutes." *Kirksey v. City of Fort Smith,* 227 Ark. 630, 300 S.W.2d 257, 261 (1957). Other than his conclusory assertion, Mr. Mascho offers no public policy which might have been violated, nor any statute or Constitutional provision which might evidence such a policy. As a result, we conclude that the district court properly granted summary judgment in favor of the defendants on this claim.

## B.

Mr. Mascho's second claim is that his liberty interest in his reputation was infringed without due process of law, and that he was entitled to notice and a hearing prior to his termination. While termination from state employment does not necessarily amount to a deprivation of a protected liberty interest, the Supreme Court has recognized such an interest where an employee's "good name, reputation, honor, or integrity is at stake because of what the government is doing to him." *Board of Regents v. Roth,* 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972). To establish such a claim, the employee must show defamation by a state official, and that the defamation occurred in the course of the termination of employment. *Paul v. Davis,* 424 U.S. 693, 710, 96 S.Ct. 1155, 1164, 47 L.Ed.2d 405 (1976). Defamation, for purposes of a due process claim, occurs when a state official "publicly made allegedly untrue charges against [the employee] that would stigmatize [him] so as to seriously damage [his] standing and associations in [his] community, or foreclose [his] freedom to take advantage of other employment opportunities." *Shands v. City of Kennett,* 993 F.2d 1337, 1347 (8th Cir.1993).

Unsatisfactory performance or general misconduct are insufficient to create a stigma that implicates an employee's liberty interest in his reputation. *Robinson v. City of Montgomery City,* 809 F.2d 1355 (8th Cir. 1987); *Shands,* 993 F.2d at 1347. In *Robinson,* we held that a city press release was insufficiently stigmatizing to implicate the liberty interests of a discharged police chief where the press release indicated that the

city was dissatisfied with the chief's performance. *Robinson,* 809 F.2d at 1356. Similarly, in *Shands* we held that general allegations of misconduct and insubordination did not rise to the requisite level of constitutional stigma. *Shands,* 993 F.2d at 1347. We noted that "[t]he requisite stigma has been found in cases in which the employer has accused the employee of dishonesty, immorality, criminality, racism, or the like." *Id.* Furthermore, we rejected a claim that such stigma might be created by innuendo from inferences drawn from general allegations of misconduct and insubordination.

The statements made by the Department and its employees in the case before us do not appear to create the level of stigma necessary to implicate Mr. Mascho's liberty interest in his reputation. The official reason given for his discharge, namely, "not performing the functions of a supervisor," amounts to no more than the statement of dissatisfaction issued by the city in *Robinson.* The reasons advanced by the Department in the ESD proceedings, that Mascho failed to comply with the spirit of the drug-free workplace policy by failing to report suspected drug usage, is also insufficiently stigmatizing. He was not accused of dishonesty, immoral acts, criminal activity, or racism. Furthermore, behavior such as dishonesty, immorality, criminality, or racism cannot be inferred from a charge that Mr. Mascho overlooked drug use by crew members. In fact, much less may be implied about Mr. Mascho's character than might be possible with the general accusation of misconduct in *Shands.* Accordingly, we hold that Mr. Mascho was not so stigmatized by the statements made by the Department as to implicate his liberty interest under the Fourteenth Amendment. Since the requisite level of stigma does not attach to the statements made, we do not reach the question of whether they were publicized.

## III.

For the foregoing reasons, we affirm the judgment of the district court.