949 F.Supp. 1407 (1996)
Joseph Patrick POYNTON, Plaintiff,
v.
SPECIAL SCHOOL DISTRICT OF ST. LOUIS COUNTY, and Dennis Buhr, Sharmon Wilkinson, and Deborah M. Leahey, in their individual capacities, Defendants.
No. 4:95 CV 1813 DDN.
United States District Court, E.D. Missouri, Eastern Division.
August 26, 1996.
*1408 *1409 Joseph Patrick Poynton, Crestwood, MO, pro se.
Darold E. Crotzer, Jr., Partner, Charles L. Ford, Partner, Crotzer and Ford, St. Louis, MO, for Defendants.

MEMORANDUM
NOCE, United States Magistrate Judge.
This matter is before the court upon the motion of defendants to dismiss (Doc. No. 21), which the court converted to a motion for summary judgment; the motions of the plaintiff for summary judgment (Doc. Nos. 28, 30, 34, 36, 37); the motions of plaintiff for award (Doc. No. 31, 40); and various other motions filed by the plaintiff. The parties have consented to the exercise of jurisdiction by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).
Plaintiff Joseph Poynton, who is proceeding pro se, commenced this action on September 27, 1995, alleging that defendants Special School District of St. Louis County (SSD), Dennis Buhr, Sharmon Wilkinson and Deborah Leahey discriminated against him on the basis of sex (male), age (60) and disability (back and lung conditions) when they discharged him as a substitute teacher.
On January 18, 1996, plaintiff was ordered to file an amended complaint, setting out in concise language each of the claims he is asserting and the factual basis for each claim. He filed an amended complaint on February 7, 1996, in which he alleges violations of Title VII, 42 U.S.C. § 2000e et seq.; the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706; the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213; and the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, the latter of which the court construes as arising under 42 U.S.C. § 1983. The court construes his complaints of age discrimination as arising under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634. He also attempts to assert a Bivens claim and invokes the Missouri Administrative Procedure Act, Mo.Rev.Stat. §§ 536.010-536.215. He seeks damages plus reinstatement as a substitute teacher.
Because of plaintiff's pro se status, the court has reviewed all pleadings in the file in considering the merits of defendants' motion for summary judgment and the various other motions that are pending.
Based on the record proffered by the parties, the court finds the following facts undisputed:

FACTS
1. Defendant Special School District of St. Louis County (SSD) hires substitute teachers based on the guidelines provided by the Missouri Department of Elementary and Secondary Education. (Affidavit of Sharmon Wilkinson, filed March 29, 1996, Exh. A.) Each year, a substitute must obtain a certificate from the Department of Elementary and Secondary Education and submit it to the school district. (Id.) State Board of Education policy provides that a ninety-day non-renewable substitute teacher's certificate will be issued to applicants who have 120 semester hours or more of credit from a regionally-accredited college or university. Substitute certificates must be applied for through a school district. Each certificate is issued to the substitute teacher and can be used in any public school district in Missouri. A duplicate copy of the certificate can be obtained for $5. (Wilkinson Aff. Exhs. A-1, A-2.) Plaintiff had a 90-day certificate. (Amended Complaint, filed February 7, 1996, at 5.)
2. When a substitute teacher is approved by the SSD Board of Education, the substitute's name is placed on a list to be called as needed to substitute within the school district. Substitute teachers are not obligated to work when called by the school district. In addition, a substitute teacher may not be called even if his name is placed on the list. The substitute is paid only for days worked for the district. (Wilkinson Affidavit at ¶ 4.)
3. Plaintiff was employed as a substitute school teacher by SSD for the years of 1993-94 and 1994-1995. (Wilkinson Aff. at ¶ 5.)
*1410 4. The SSD Human Resources Department received a complaint about plaintiff's performance concerning an occurrence at Walnut Grove Elementary School in the Ferguson-Florissant School District on September 16, 1993. Specifically, plaintiff allegedly said he would write a telephone number on a student's arm and then "peeled off skin." Also, he allegedly stated, in a student's presence, that the student was on the wrong medication and was acting like a "drunken zombie." It was requested that plaintiff no longer be sent to a particular classroom to work with a particular child. (Wilkinson Aff. at ¶ 6 and Aff. Exh. B; Pl.'s Exh. 18, filed February 26, 1996.)
5. By letter dated November 5, 1993, defendant Deborah Leahey, personnel specialist for SSD, informed plaintiff that the district's Human Resources Office had received complaints about his performance as a substitute during the 1993-94 school year. Specifically, Leahey stated that he made several inappropriate remarks in front of a student and on one occasion had referred to a student as a "drunken zombie" in the presence of the student. Plaintiff was advised that further concerns about his performance would result in removal of his name from the substitute teacher list. (Wilkinson Aff. at ¶ 6 and Aff. Exh. C.)
6. By letter dated November 13, 1993, to Leahey, plaintiff disputed the complaints and asked the district to return his teaching certificate "when you get a chance" because regular school districts had inquired if he was interested in substitute teaching. (Pl.'s Exh. 2, filed October 1, 1995.)
7. The SSD Human Resources Department received a request from the Lindbergh School District on October 11, 1994, that plaintiff not be sent to that school district due to behavior they observed when his daughter was a student in the district. (Wilkinson Aff. at ¶ 7 and Aff. Exh. D.)
8. The SSD Human Resources Department received a complaint about plaintiffs performance resulting from occurrences at Trautwein Elementary School in the Mehlville School District during the week of October 24, 1994. Specifically, he allegedly irritated a student to the point that the student was suspended, did not know about disabilities and belittled students, sat behind a desk instead of performing close supervision, did not follow the district's behavior management system, and confused students with different methods of teaching. It was requested that plaintiff no longer be sent to that school. (Wilkinson Aff. at ¶ 8 and Aff. Exh. E.)
9. The SSD Human Resources Department received a complaint about plaintiff regarding his performance during an occurrence at Oakville Elementary School in the Oakville School District on January 25, 1995. Specifically, he was accused of being verbally and physically aggressive with students. It was requested that he no longer be sent to that district. (Wilkinson Aff. at ¶ 9 and Aff. Exh. F.)
10. In a letter dated February 13, 1995, defendant Leahey informed plaintiff that SSD had received additional complaints about his performance and that his name was being removed from the school district's substitute teacher list. She informed him that SSD was concerned about his handling of students in a physically and verbally aggressive manner and his failure to follow established behavior management system and teaching methods. (Pl.'s Exh. 3, Complaint filed September 27, 1995; Wilkinson Aff. at ¶ 10 and Aff. Exh. G.)
11. SSD policy provides that a conference will be held with a substitute teacher when problems arise with the substitute teacher. (Pl.'s Exh. 6, filed September 27, 1995.) Plaintiff was not given such a conference. (Pl.'s Motion for Summary Judgment, Exh. 8, filed November 30, 1995.)
12. In a letter dated March 20, 1995, Max Wolfrum, interim superintendent of SSD, acknowledged receiving plaintiffs letter of March 9, 1995, concerning plaintiff's disagreements with Deborah Leahey. Wolfrum informed plaintiff that management had the prerogative of whether to employ a substitute employee and to determine how to use that employee. (Pl.'s Exh. 17, filed Feb. 26, 1996.)
13. In an affidavit to the United States Equal Employment Opportunity Commission, *1411 plaintiff stated that his age and gender were factors in his removal from the substitute teacher list because he was one of the oldest substitute teachers and nearly all of the substitutes and teachers were women. He also stated in his affidavit that SSD was facing layoffs at the time of his removal, that he believes there was a preference to retain "younger ladies" and that defendant Leahey disliked older men. In addition, he stated that he had a back condition and only one lung and therefore would only work in the elementary schools because he would not be able to physically handle older students. He stated that his physical handicap limited his ability to run and lift. He had a lung removed for cancer in 1984 and his back had been broken in the past. On September 23, 1995, the EEOC mailed plaintiff a right-to-sue letter on claims under Title VII of the Civil Rights Act of 1964 and/or American with Disabilities Act and the Age Discrimination in Employment Act. He brought this action on September 27, 1995.

DISCUSSION
This court must grant summary judgment if, based upon the pleadings, admissions, depositions and affidavits, there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corporation v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Board of Education, Island Trees Union Free School Dist. v. Pico, 457 U.S. 853, 863, 102 S.Ct. 2799, 2806, 73 L.Ed.2d 435 (1982). The moving party must initially demonstrate the absence of an issue for trial. Celotex Corporation, 477 U.S. at 323, 106 S.Ct. at 2552-53. Any doubt as to the existence of a material fact must be resolved in favor of the party opposing the motion. Board of Education, Island Trees, 457 U.S. at 863, 102 S.Ct. at 2806.
Nevertheless, once a motion is properly made and supported, the non-moving party may not rest upon the allegations in his pleadings but must instead set forth specific facts showing that there is a genuine issue of material fact for trial. Fed.R.Civ.P. 56(e); Buford v. Tremayne, 747 F.2d 445, 447 (8th Cir.1984). Summary judgment must be granted to the movant if, after adequate time for discovery, the non-moving party fails to produce any proof to establish an element essential to the party's case and upon which the party will bear the burden of proof at trial. Celotex Corporation, 477 U.S. at 322-24, 106 S.Ct. at 2552-53.

Sex and age discrimination
In the absence of direct evidence of discrimination, as is the case here, the burdenshifting analysis established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), applies. In employment discrimination cases brought under Title VII and the ADEA, plaintiff must first demonstrate a prima facie case of discrimination. Krenik v. County of Le Sueur, 47 F.3d 953, 957-58 (8th Cir.1995). If he establishes a prima facie case, the burden of production shifts to the defendants to show that the adverse employment action was taken for legitimate, nondiscriminatory reasons. Nitschke v. McDonnell Douglas Corp., 68 F.3d 249, 251 (8th Cir.1995). If the defendants proffer such a reason, the burden of production shifts back to plaintiff to establish that the proffered reason was actually a mere pretext for discriminatory animus. Garner v. Arvin Indus. Inc., 77 F.3d 255, 257 (8th Cir.1996). To survive summary judgment at the pretext stage of the analysis, plaintiff must adduce evidence of "some additional facts that would allow the jury to find that the defendant's proffered reason is pretext and that the real reason for its action was intentional discrimination." Krenik, 47 F.3d at 958.
First, the court notes that defendants Dennis Buhr, Sharmon Wilkinson and Deborah Leahey are not individually liable under Title VII or the ADEA because they are not the employer to whom those statutes are directed. See Lenhardt v. Basic Institute of Technology, Inc., 55 F.3d 377, 380-81 (8th Cir.1995).
To establish a prima facie case of sex discrimination, plaintiff must show that (1) he is a member of a protected class, (2) he met the applicable job qualifications, and (3) despite his qualifications, he was displaced. McLaughlin v. Esselte Pendaflex Corp., 50 *1412 F.3d 507, 510 (8th Cir.1995). Plaintiff must also show that the adverse employment decision occurred in "circumstances which allow the court to infer unlawful discrimination." Id. (quoting Davenport v. Riverview Gardens School, 30 F.3d 940, 944 (8th Cir.1994) (quoting Craik v. Minnesota State Univ. Board, 731 F.2d 465, 469 (8th Cir.1984))). To make a prima facie case of age discrimination, plaintiff must show that he is (1) within the protected age group, (2) performing his job at a level that met the employer's legitimate expectations, (3) was discharged, and (4) was replaced by a younger worker. Hopper v. Hallmark Cards, Inc., 87 F.3d 983, 988 (8th Cir.1996). See also O'Connor v. Consolidated Coin Caterers Corp., ___ U.S. ___, ___, 116 S.Ct. 1307, 1310, 134 L.Ed.2d 433 (1996).
Plaintiff alleges that, "I believe I was fired because I was older, male, disabled and saw one too many situations where a violent child was placed in a room with docile, learning disabled children." Plaintiff alleges that male teachers were placed in situations with high-risk students and then the male teachers were blamed if complaints were made.
Plaintiff alleges that the few men who are hired as substitute teachers are used in risky situations to handle disruptive or violent children and then are discharged. He said the complaints against him stemmed from a situation involving a violent, disruptive child. He alleges that complaints were made against him to placate parents. In support of his claim of sex discrimination, he submitted a list of four substitute teachers whom the Human Resources Department either removed from the substitute teacher list or ordered not be sent to certain schools. Three of the four are men. (Amended Complaint at 1 and Exh. 13.)
Plaintiff believes his discharge was due to his sex because nearly all of the substitutes and teachers were women. He alleges that 80 percent of the teachers are female. He alleges that all the new teachers hired by the defendant were young women (except one), and that all teacher aides were young or middle-aged women. He alleges there were no men except those hired full-time for feeding and toileting students. He asserts a general malice toward men, but has no facts to support this.
Plaintiff alleges that his discharge was due to his age because he was one of the oldest substitute teachers. The employer was facing layoffs at the time and he believes there was a preference for younger women. He also believes that defendant Leahey did not like older men.
Even if plaintiff could establish a prima facie case of discrimination based on sex and age, defendants have come forward with legitimate, nondiscriminatory reasons for removing him from the substitute teacher list. They have produced complaints from people who worked with him in classrooms. Even though plaintiff has acknowledged receiving discovery from defendants after the court ordered defendants to respond to plaintiff's request for production of documents, he has failed to produce any evidence that defendants' proffered reasons were a pretext for discrimination. His allegations are speculative. Speculation is insufficient to withstand a motion for summary judgment. See Wilson v. IBM, 62 F.3d 237, 241 (8th Cir. 1995); Dotzler v. Perot, 899 F.Supp. 416, 423 (E.D.Mo.1995). The undisputed facts presented show that there is an absence of any genuine issue for trial and as a matter of law plaintiff cannot prevail on any theory he has presented on his claims of age and sex discrimination. Therefore, the defendants' motion for summary judgment will be granted as to these claims.

Disability discrimination
Because of his back condition and having only one lung, plaintiff alleges that he would work only in elementary schools because he could not physically handle the older students. He said his physical handicap limits his ability to run and lift. He had a lung removed due to cancer in 1984 and his back has been broken. He said he doesn't advertise his physical limitations "but it's clear from my automobile license plates. You can tell if you watch me." (Pl.'s Exh. 12, filed December 7, 1995.) He states that defendants could see his disability license plates on his automobile and that many people knew he had one lung and tires easily. *1413 He states in his amended complaint that he "never heard of" the defendant hiring disabled teachers and that he met or exceeded all teachers' capabilities in elementary schools.
To establish a prima facie case under the ADA, plaintiff must show that he is a disabled person within the meaning of the ADA, that he is qualified to perform the essential functions of the job (either with or without reasonable accommodation), and that he has suffered an adverse employment action under circumstances from which an inference of unlawful discrimination arises. Price v. S-B Power Tool, 75 F.3d 362, 365 (8th Cir.1996) (citing Benson v. Northwest Airlines, Inc., 62 F.3d 1108, 1112 (8th Cir.1995); Wooten v. Farmland Foods, 58 F.3d 382, 385 (8th Cir. 1995); Johnson v. Legal Services of Arkansas, Inc., 813 F.2d 893, 896 (8th Cir.1987)), cert. denied, ___ U.S. ___, 117 S.Ct. 274, 136 L.Ed.2d 197 (1996). An inference of discrimination may be raised by evidence that a plaintiff was replaced by or treated less favorably than similarly situated employees who are not in the plaintiff's protected class. Price, 75 F.3d at 365.
This claim must fail. Plaintiff does not allege any facts in support of his claims. He makes only conclusory statements that are insufficient to withstand defendants' motion for summary judgment. There are no sufficient allegations as to plaintiff's handicap and he provides no evidence that anyone at the school was aware of any handicap or that any action was taken because of his handicap.

Due process
Plaintiff states that he worked for defendant SSD from the late 1980s until he received notice of his dismissal by letter. He alleges that the school district did not follow its own procedures, in violation of the federal Administrative Procedure Act and the Missouri Administrative Procedure Act. He alleges he was denied a fair hearing under the Fifth and Fourteenth Amendments. He alleges that he did not have a conference as provided for in the SSD procedures that govern substitute teachers. He also alleges that he did not know the extent of the complaints against him until he was removed from the list and the court ordered the district to produce the documents.
Plaintiff alleges that after five years of substitute teaching, he had a property interest in his position. Therefore, he argues that he is entitled to notice and a pre-termination hearing under Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). For purposes of the Fourteenth Amendment, a property interest does not exist unless the employee has a "legitimate claim of entitlement" to the public job. Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). The court must look to plaintiff's employment contract and to Missouri state law to determine if there were any "rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Id. In this case, plaintiff does not allege that he had an employment contract. Plaintiff's employment had no definite term of duration; he was called on an as-needed basis. Plaintiff has not asserted a federal or state statute, regulation, or contract which would give rise to a property interest. Because plaintiff has no property interest, a hearing was not required prior to the removal of his name from the defendants' substitute teacher list and no due process violation occurred. See Roth, 408 U.S. at 578, 92 S.Ct. at 2709-10. Nor has plaintiff shown "mutually explicit understandings" or common practices and agreements derived from the employer-employee relationship which would create a sufficient expectancy of continued employment to merit some due process. Perry v. Sindermann, 408 U.S. 593, 600-603, 92 S.Ct. 2694, 2699-2700, 33 L.Ed.2d 570 (1972). Plaintiff has presented no evidence showing that any such understandings or practices existed. Under Missouri law, plaintiff would be considered an at-will employee and a policy manual would not have altered this relationship. Gibb v. World Book, Inc., 29 F.3d 411, 413-14 (8th Cir.1994); Green v. St. Louis Housing Authority, 911 F.2d 65, 71 (8th Cir.1990). Plaintiff's years of employment with the defendant are not sufficient to alter his at-will employee status. Yowell v. Combs, 89 F.3d 542, 545 (8th Cir.1996).
*1414 Plaintiff also alleges that the defendants' statements concerning the reasons for removing his name from the substitute teacher list defamed him because they appear to accuse him of physically abusing students. He alleges that these statements tarnished his reputation and precluded employment elsewhere by destroying any references he might have had.
Plaintiff's argument apparently rests on a liberty interest, procedural due process right under the Fourteenth Amendment, which gives public employees some opportunity to hear and respond to an employer's accusations which impugn his "good name, reputation, honor, or integrity." Roth, 408 U.S. at 573, 92 S.Ct. at 2707. Procedural protections of due process apply in employee-discharge cases where there has been (1) publication of the reasons for termination, (2) the publication occurred at the hands of the governmental employer, (3) the charges are defamatory, and (4) the charges are false. Id.; Mascho v. Gee, 24 F.3d 1037, 1039 (8th Cir.1994). The untrue charges against the employee must be of a nature that would stigmatize him so as to "seriously damage his standing and associations in his community, or foreclose his freedom to take advantage of other employment opportunities." Mascho, 24 F.3d at 1039 (quoting Shands v. City of Kennett, 993 F.2d 1337, 1347 (8th Cir.1993)).
Plaintiff has failed to allege or show that defendants made the reasons for his removal public, thus failing to establish a liberty interest that would trigger due process. Green, 911 F.2d at 70; Payne v. Ballard, 761 F.2d 491, 493 (8th Cir.1985). Liberty interests are not violated by the private disclosure of reasons for discharge from public employment "when there is no public disclosure of the reasons for the discharge." Bishop v. Wood, 426 U.S. 341, 348, 96 S.Ct. 2074, 2079, 48 L.Ed.2d 684 (1976). Nor has plaintiff shown that defendants made his personnel file available to prospective employers. Hogue v. Clinton, 791 F.2d 1318, 1323 n. 7 (8th Cir.), cert. denied, 479 U.S. 1008, 107 S.Ct. 648, 93 L.Ed.2d 704 (1986). Plaintiff has not stated that he has tried to substitute teach in other districts but has been refused. In fact, he states that he needs his teaching certificate returned because other districts have asked for him to substitute teach.
Plaintiff's due process rights under the Fifth Amendment are not implicated in this case because the United States is not a party. Brockell v. Norton, 688 F.2d 588, 590 n. 4 (8th Cir.1982).
Plaintiff also alleges that defendants violated the Administrative Procedure Act, 5 U.S.C. §§ 701-706. Defendants argue that the Act does not apply to a local school district. The court agrees that the plaintiff is not entitled to judicial review of the school district's actions under the APA. See 5 U.S.C. § 701; Resident Council of Allen Parkway Village v. United States Department of Housing & Urban Development, 980 F.2d 1043, 1055 (5th Cir.), cert. denied, 510 U.S. 820, 114 S.Ct. 75, 126 L.Ed.2d 43 (1993); Gilliam v. Miller, 973 F.2d 760, 763 (9th Cir.1992); Johnson v. Rodriguez, 943 F.2d 104, 108 n. 5 (1st Cir.1991), cert. denied, 502 U.S. 1063, 112 S.Ct. 948, 117 L.Ed.2d 117 (1992).
Plaintiff also alleges that defendants violated the Missouri Administrative Procedure Act, Mo.Rev.Stat. §§ 536.010-536.215 (1994). Under the Act, the right to a hearing is determined by substantive law outside the Act. State ex rel. Yarber v. McHenry, 915 S.W.2d 325, 328 (Mo.1995) (en banc). Here, plaintiff has not pointed to any statute or rule granting him a hearing. Therefore, this claim must fail.

Bivens action
Plaintiff also alleges that he is asserting a Bivens claim. Under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388, 396-97, 91 S.Ct. 1999, 2004-05, 29 L.Ed.2d 619 (1971), the court held that a damages remedy is available to persons whose constitutional rights are violated by federal officials. Krueger v. Lyng, 927 F.2d 1050, 1053 (8th Cir.1991). This case involves state, not federal, officials. Therefore, plaintiff cannot assert a Bivens claim. Christian v. Crawford, 907 F.2d 808, 810 (8th Cir.1990).

Teaching certificate
Plaintiff alleges that Leahey kept his teaching certificate, which prevented him *1415 from substitute teaching at another district, and prevented him from renewing the certificate for 1995/1996 because he did not have a sponsoring school district. He alleges that defendant SSD prohibited him from obtaining other employment by twice refusing to return his 90-day teaching certificate.
Plaintiff does not allege that he has applied for any substitute teaching job and been turned down because he did not have a certificate. Nor does he state that he attempted to contact the state Department of Elementary and Secondary Education and receive a duplicate certificate or attempted to have another school district apply for a certificate. This claim must fail.

Sixth Amendment
Plaintiff also alleges that he was denied his right to face his accusers under the Sixth Amendment. This claim must fail. The Sixth Amendment applies only to criminal prosecutions. U.S. Const. amend. VI; United States v. Carlson, 697 F.2d 231, 235 (8th Cir.1983). This is a civil action.
For these reasons, the motion of defendants to dismiss, which the court converted to a motion for summary judgment, is sustained. All pending motions are denied as moot. An appropriate order is issued herewith.