989 F.Supp. 1225 (1998)
Mark Oliver MILES, Plaintiff,
v.
The BOARD OF EDUCATION OF the CITY OF ST. LOUIS, Defendant.
No. 4:96-CV-412 (CEJ).
United States District Court, E.D. Missouri, Eastern Division.
January 8, 1998.
*1226 Theodore G. Pashos, The John J. Frank Partnership, St. Louis, MO, for Plaintiff.
James C. Hetlage, Lashly and Baer, St. Louis, MO, for Defendant.

MEMORANDUM
JACKSON, District Judge.
This matter is before the Court on the defendant's motion for summary judgment. See Fed.R.Civ.P. 56. The plaintiff has filed a response in opposition to the motion.
Plaintiff filed suit against his former employer the Board of Education of the City of St. Louis, alleging discrimination on the basis of race in violation of the Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 2000e; 42 U.S.C. § 1981. Plaintiff filed a third count alleging that defendant violated plaintiff's due process rights under the United States and Missouri Constitutions.
Plaintiff, an African-American male, was hired by defendant as the Director of Warehouse and Distribution from January of 1995 through August 25, 1995. He was hired by Janice Zimmerman, Officer of Management & Support Services, as a probationary employee. On August 25, 1995, as part of a reduction in force ("RIF"), the position of Director of Warehouse and Distribution was eliminated. On that date plaintiff was removed from active employment and placed on inactive status.
In August of 1995, a vacant budget analyst position was restructured into a new position, Senior Business Operations Analyst. Plaintiff was neither hired nor interviewed for this position. Eventually, this position was awarded to Tom Vohs, a white male. On April 8, 1996, plaintiff resigned from inactive employment with defendant.
Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir.1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Fed.R.Civ.P. 56(c). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. *1227 R.Civ.P. 56(e). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
Plaintiff first claims that defendant unlawfully discriminated against him based on his race in removing him from active employment and placing him on inactive employment status. Title VII and § 1981 claims of race discrimination proceed under the well-known McDonnell Douglas burden shifting framework. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). This framework requires the plaintiff to establish a prima facie case of discrimination. Thomas v. Runyon, 108 F.3d 957, 959 (8th Cir.1997).
To establish a prima facie case in the context of a RIF, the plaintiff must establish (1) that he is a member of a protected group; (2) that he was qualified for the desired position; (3) that he was terminated; and (4) that there is additional evidence that a "prohibited criterion" was a factor in the termination. Herrero v. St. Louis Univ. Hosp., 109 F.3d 481, 483-84 (8th Cir.1997). If the plaintiff makes a prima facie showing, then the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the termination. McDonnell Douglas, 411 U.S. at 802. Once the employer articulates a legitimate, nondiscriminatory reason, the burden shifts again to the plaintiff to demonstrate that the employer's stated reason is a mere pretext for discrimination. Thomas, 108 F.3d at 959.
For purposes of the instant case, the Court will assume that plaintiff can establish a prima facie case of race discrimination. Defendant has produced evidence that plaintiff was placed on inactive employment status because he was the least senior employee in his job classification. Thus, the Court finds that defendant has met its burden of articulating a legitimate, nondiscriminatory reason for the discharge.
The burden now shifts back to the plaintiff to establish that the defendant's articulated reason is merely pretext for racial discrimination. Plaintiff does not attempt to produce evidence showing that his lack of seniority was but a pretextual reason for defendant's racial discrimination. As such, defendant is entitled to summary judgment on that claim.
Next, plaintiff claims that defendant unlawfully discriminated against him based on his race by failing to interview and hire him for the position of Senior Budget Operations Analyst or Financial Specialist. A prima facie case can be made if the plaintiff shows: (1) that he is a member of a protected group; (2) that he was qualified for the desired position; (3) that "adverse action was taken against him;" and (4) that adverse action "occurred in circumstances giving rise to an inference of discriminatory motivation." Thomas, 108 F.3d at 959 (citing Landon v. Northwest Airlines, Inc., 72 F.3d 620, 624 (8th Cir.1995)).
Defendant contends that plaintiff cannot establish a prima facie case because he was not qualified for either position. Janice Zimmerman, the defendant's Officer of Management & Support Services, was responsible for filling the Senior Budget Operations Analyst position. According to Zimmerman, the requirements for the position consisted of: (1) ability to perform mainframe computer programming; (2) ability to perform PC database programming; (3) ability to interface mainframe databases with PC based software applications; (4) ability to program multi-sheet spreadsheets with multi-nested macro formulas, including spreadsheets based on data from multiple years within the mainframe; and (5) ability to analyze effects of pending legislation on the School District's budget. The position of Financial Specialist required expertise in computer information systems and financial recordkeeping, strong verbal and written communication skills and knowledge of community education philosophy.
Although Zimmerman had hired the plaintiff as Director of Warehouse and Distribution, she did not feel that plaintiff possessed the necessary qualifications to perform *1228 the job of Senior Budget Operations Analyst.[1] Plaintiff offers conclusory deposition testimony that he possessed many, but not all, of the requisite qualifications for the two positions. However, an employee's conclusory deposition testimony is insufficient to withstand a properly-supported motion for summary judgment. Helfter v. United Parcel Service, Inc., 115 F.3d 613, 616 (8th Cir. 1997); see also Jackson v. Anchor Packing Co., 994 F.2d 1295, 1304 (8th Cir.1993); Herrero v. St. Louis University Hospital, 109 F.3d 481, 485 (8th Cir.1997). Thus, plaintiff has failed to make a prima facie case that defendant unlawfully discriminated against him based on his race by failing to interview and hire him as the Senior Budget Operations Analyst or as a Financial Specialist.
Finally, plaintiff asserts that defendant violated his due process rights under the Constitution of the United States and the Constitution of Missouri by failing to follow its own employment regulation. Board of Education Regulation R4870 provides, in relevant part: "No new employee shall be employed by the Board of Education while there are employees of the district who are laid-off unless there are no laid-off employees with proper certifications, licenses, and qualifications to fill any vacancy that may arise." (Emphasis added). Because plaintiff has not shown, with competent evidence, that he was qualified for either position at issue, the Court concludes that defendant did not fail to follow Regulation R4870.
In his memorandum in opposition to summary judgment, plaintiff contends that he has a "right to be placed on a list for call back employment with the school board." He does not identify any property or liberty interest upon which this right is based. He merely states that he was not placed on a call-back list "and accordingly we [sic] believe that this does constitute a `legitimate claim of entitlement'" which provides constitutional protection.
To receive protection under the Fourteenth Amendment's Due Process Clause, a public employee must show a "legitimate claim of entitlement" to employment through the existence of a property or liberty interest. Board of Regents v. Roth, 408 U.S. 564, 573-77, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). A property interest is found "from a source independent of the Constitution, such as state law" or a contract. Buchanan v. Little Rock Sch. Dist. of Pulaski County, Arkansas, 84 F.3d 1035, 1038 (8th Cir.1996). A liberty interest exists when the employee's "good name, reputation, honor, or integrity is at stake because of what the government is doing to him." Roth, 408 U.S. at 573, quoted in Mascho v. Gee, 24 F.3d 1037, 1039 (8th Cir.1994).
In Geddes v. Northwest Missouri State University, the Eighth Circuit held that a teacher without tenure does not have a legitimate entitlement to continued employment. 49 F.3d 426, 429 (8th Cir.1995). Certainly, if a non-tenured teacher does not have a legitimate entitlement to continued employment, then plaintiff, a probationary employee, does not have an entitlement to renewed employment in a position for which he is not completely qualified. As such, the Due Process Clause of the Fourteenth Amendment offers plaintiff no protection.
Accordingly,
IT IS HEREBY ORDERED that defendant's motion for summary judgment is granted. An appropriate Order will accompany this Memorandum.
NOTES
[1] Because Jan Zimmerman was responsible for originally hiring plaintiff and soon thereafter elected not to interview or hire him for other job vacancies, an inference exists that intentional discrimination was not a determining factor for her action. See Lowe v. J.B. Hunt Transp., Inc., 963 F.2d 173, 175 (8th Cir.1992) ("It is simply incredible, in light of the weakness of plaintiff's evidence otherwise, that the company officials who hired him at age fifty-one had suddenly developed an aversion to older people less than two years later."); Proud v. Stone, 945 F.2d 796, 797 (4th Cir.1991) ("[I]n cases where the hirer and the firer are the same individual and the termination of employment occurs within a relatively short time span following the hiring, a strong inference exists that discrimination was not a determining factor for the adverse action taken by the employer.").