Citation Nr: 1829864 
Decision Date: 09/05/18 Archive Date: 09/24/18

DOCKET NO. 13-03 738A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Detroit, Michigan


THE ISSUES

1. Entitlement to service connection for adenocarcinoma to include distal esophagus, gastroesophageal junction, and proximal stomach because of exposure to herbicides, for accrued benefits purposes only.

2. Entitlement to service connection for pancreatitis as a result of exposure to herbicides, for accrued benefits purposes only. 


REPRESENTATION

Appellant represented by: Eva Guerra, Attorney



WITNESSES AT HEARING ON APPEAL

Appellant, stepson


ATTORNEY FOR THE BOARD

M. Prem, Counsel


INTRODUCTION

The Veteran served on active duty from November 1966 to August 1968. The appellant has been substituted for the Veteran, who passed away in February 2014.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a May 2011 rating decision by a Regional Office (RO) of the Department of Veterans Affairs (VA). This matter was remanded in December 2017 for further development. 

The appellant presented testimony at a Board hearing in April 2017. A transcript of the hearing is associated with the claims folder. 

The issue of entitlement to service connection for lung cancer has been raised by the appellant at the April 2017 Board hearing (Hearing Transcript, p. 2). The issue has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2017). 



FINDINGS OF FACT

1. The weight of the evidence is against a finding that adenocarcinoma, to include distal esophagus, gastroesophageal junction, and proximal stomach was manifested during the Veteran's active duty service or for many years after service; it is not otherwise related to service, to include as due to exposure to herbicide agents therein. 

2. The weight of the evidence is against a finding that claimed pancreatitis was manifested during the Veteran's active duty service or for many years after service; it is not otherwise related to service, to include as due to exposure to herbicide agents therein. 


CONCLUSIONS OF LAW

1. The criteria for an award of service connection for adenocarcinoma to include distal esophagus, gastroesophageal junction, and proximal stomach, to include as due to herbicide exposure, have not been met. 38 U.S.C.A. §§ 1110, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.6, 3.159, 3.303, 3.307, 3.309 (2017).

2. The criteria for an award of service connection for pancreatitis, to include as due to herbicide exposure, have not been met. 38 U.S.C.A. §§ 1110, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.6, 3.159, 3.303, 3.307, 3.309 (2017).







REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Veterans Claims Assistance Act of 2000 (VCAA)

In a January 2011 letter, the RO satisfied its duty to notify the Veteran under 38 U.S.C.A. § 5103(a) (West 2014) and 38 C.F.R. § 3.159(b) (2017). The RO notified the Veteran of: information and evidence necessary to substantiate the claim; information and evidence that VA would seek to provide; and information and evidence that he was expected to provide. The Veteran was informed of the process by which initial disability ratings and effective dates are assigned, as required by Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). 

The "duty to assist" contemplates that VA will help a claimant obtain records relevant to the claim, whether or not the records are in Federal custody, and that VA will provide a medical examination when necessary to make a decision on the claim. 38 C.F.R. § 3.159 (2017). VA has done everything reasonably possible to assist the Veteran with respect to the claim for benefits in accordance with 38 U.S.C.A. § 5103A (West 2014) and 38 C.F.R. § 3.159(c) (2017). Relevant service treatment and other medical records have been associated with the claims file. The RO obtained a competent medical opinion in February 2018, which is fully adequate. The examiner reviewed the Veteran's claims file and addressed all relevant issues. The duties to notify and to assist have been met. 

Service Connection

Applicable law provides that service connection will be granted if it is shown that the Veteran suffers from disability resulting from an injury suffered or disease contracted in line of duty, or for aggravation of a preexisting injury suffered or disease contracted in line of duty, in the active military, naval, or air service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303. That an injury occurred in service alone is not enough; there must be chronic disability resulting from that injury. If there is no showing of a resulting chronic condition during service, then a showing of continuity of symptomatology after service is required to support a finding of chronicity. 38 C.F.R. § 3.303(b). Additionally, for Veterans who have served 90 days or more of active service during a war period or after December 31, 1946, certain chronic disabilities are presumed to have been incurred in service if manifest to a compensable degree within one year of discharge from service. 38 U.S.C.A. §§ 1101, 1112; 38 C.F.R. §§ 3.307, 3.309. Service connection may also be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

Applicable law also provides that a Veteran who, during active service, served during a certain time period in the Republic of Vietnam during the Vietnam era shall be presumed to have been exposed during such service to an herbicide agent, unless there is affirmative evidence to establish that he was not exposed to any such agent during service. 38 U.S.C.A. § 1116; see also Veterans Education and Benefits Expansion Act of 2001, Pub. L. No. 107-103, 115 Stat. 976 (2001). Regulations further provide, in pertinent part, that if a Veteran was exposed to an herbicide agent (such as Agent Orange) during active military, naval, or air service, the following diseases shall be service-connected if the requirements of 38 C.F.R. § 3.307(a)(6) are met even though there is no record of such disease during service, provided further that the rebuttable presumption provisions of 38 C.F.R. § 3.307(d) are also satisfied: Chloracne or other acneform disease consistent with chloracne; Hodgkin's disease; multiple myeloma; non- Hodgkin's lymphoma; acute and subacute peripheral neuropathy; porphyria cutanea tarda; prostate cancer; respiratory cancers (cancer of the lung, bronchus, larynx, or trachea); Type II diabetes mellitus, and soft-tissue sarcoma (other than osteosarcoma, chondrosarcoma, Kaposi's sarcoma, or mesothelioma).

The appellant has contended that the Veteran's adenocarcinoma to include distal esophagus, gastroesophageal junction, and proximal stomach; and pancreatitis are due to exposure to herbicides during service.

The Board recognizes that the Veteran served in Vietnam. Therefore his exposure to herbicides is presumed. 

The RO obtained a medical opinion in November 2016. The examiner noted that esophageal cancer is not currently a presumptive condition associated with herbicide exposure. The examiner also noted that the Veteran's private treatment records indicate the Veteran suffered from esophageal carcinoma in 2012. He was treated with adjuvant chemotherapy and radiation treatment and underwent an esophagectomy with pyloromyotomy in February 2012. With regard to whether the Veteran's esophageal cancer was due to service, the examiner stated that medical literature review shows no conclusive evidence linking esophageal cancer to prior herbicide exposure. Also, a well-known medical study "Institute of Medicine, Committee to Review the Health Effects in Vietnam Veterans of Exposure to Herbicides Veterans and Agent Orange: Update 2002. Washington: National Academy Press, 2003" which looked at the possible association between Agent Orange and development of cancers concluded "Cancers of the esophagus, stomach, pancreas, colon, and rectum have been extensively studied in Vietnam Veterans, occupational groups with herbicide exposure, and people exposed to dioxins. These studies have yielded a fairly consistent pattern of no association between these exposures and any [gastrointestinal] cancer." 

At the appellant's April 2017 Board hearing, the Veteran's step son testified that in June 2010, the Veteran had trouble breathing and had to leave early from a family function. He stated that the following day (the day of the wedding), the Veteran was having such a hard time breathing that he barely made it through wedding, and could not stay for the reception. He also testified that the Veteran used to be active in chopping wood but round 2004 he noticed that the Veteran began having an inability to breathe. 

The appellant testified that the Veteran had been a combat Veteran in Vietnam. She stated that the Veteran and his fellow soldiers thought that they were sprayed with mosquito repellant, but it turned out to be Agent Orange. She stated that the Veteran told her that this happened every day. She also stated that the soldiers would fill the empty Agent Orange barrels with water and use it to shower. She contended that it also went into the soil and into the food that they ate. It was her contention that the Veteran was not merely exposed to Agent Orange. Instead, it was bathed in and ingested. The appellant's representative pointed out that the November 2016 examiner used the wrong evidentiary standard by saying that there was a "lack of conclusive evidence." 

In a July 2017 correspondence, the appellant submitted medical treatises including an article that appeared in the American Journal of Epidemiology entitled Health Effects of Dioxin Exposure: A 20-Year Mortality Study. She also submitted an August 1990 VA Agent Orange Review article. She cited an Emory University article regarding dioxins; and she cited an EPA draft report (Caseflow, 7/10/17, p. 4). 

Pursuant to the Board's December 2017 remand, the RO obtained another medical opinion in February 2018. The examiner noted that the Veteran's death certificate reflects that he died of pneumonia in February 2014 (Caseflow, Death Certificate, 9/22/14). She noted that the service treatment records failed to reflect any chronic medical conditions or disabilities. She stated that risk factors for esophageal cancer and other recent disabilities were not found in service. Consequently, she opined that it is less likely than not that there is a nexus in service for his final disabilities, or that there was a medical relationship to service, to include as due to presumed exposure to herbicides. 

The examiner stated that in regard to the medical treatises submitted by the appellant, the evidence cited was largely based on animal studies, which do not translate to humans; anecdotal information; and outdated information, (e.g., from the International Agency for Research on Cancer (IARC), from 1977). She noted that the updated information is that the IARC continues to list tobacco smoking as a carcinogenic agent with sufficient evidence in humans, for the esophagus. She stated that herbicides are not listed in this category, nor are they even listed as carcinogenic agents, with limited evidence in humans for the esophagus, by the IARC, updated 27 October 2017. Finally, she noted that the Veteran had a 40 pack year history of smoking, and was noted to be an active smoker in some of the more recent private medical records from 2011 and 2012.

Analysis

The Board recognizes that the Veteran's exposure to herbicides is presumed. However, neither pancreatitis nor adenocarcinoma to include distal esophagus, gastroesophageal junction, and proximal stomach are subject to presumptive service connection under 38 C.F.R. § 3.309 (e).

Notwithstanding, in Combee v. Brown, the United States Court of Appeals for the Federal Circuit held that when a Veteran is found not to be entitled to a regulatory presumption of service connection for a given disability, the claim must nevertheless be reviewed to determine whether service connection can be established on a direct basis. See Combee v. Brown, 24 F.3d 1039, 1043-44 (Fed. Cir. 1994). As such, the Board must not only determine whether the Veteran has a disability which is recognized by VA as being etiologically related to prior exposure to herbicide agents that were used in Vietnam, see 38 C.F.R. § 3.309 (e), but also must determine whether his disability is the result of active service under 38 U.S.C.A. § 1110 (West 2014) and 38 C.F.R. § 3.303 (d) (2017).

Service connection requires evidence satisfying three criteria: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship ("nexus") between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 
381 F.3d 1163, 1167 (Fed. Cir. 2004). 

With respect to esophageal cancer, the appellant has established the first of these elements. That the Veteran had adenocarcinoma to include distal esophagus, gastroesophageal junction, and proximal stomach at the time of his death is not in dispute (Caseflow, Medical Treatment Record - Non - Government Facility, 7/11/17). The Board notes that this element of service connection has not been satisfied with regards to pancreatitis. Neither the service treatment records nor the post service treatment records include a diagnosis of pancreatitis. 

The appellant has satisfied the second element of service connection. Although the service treatment records do not reflect incurrence or aggravation of a disease or injury, the fact that the Veteran served in Vietnam means that he was presumptively exposed to herbicides. This exposure satisfies the second element of service connection.

It is the third element of service connection in which the appellant's claim falls short. The February 2018 VA examiner in August 2011 concluded that it is less likely than not that there is a nexus in service for the Veteran's final disabilities, or that there was a medical relationship to service, to include as due to presumed exposure to herbicides. The Board finds the opinion of the VA physician to be persuasive evidence. Indeed, it was based on a review of the record was accompanied by a clear rationale. Moreover, no other competent evidence of record refutes that opinion. 

The appellant believes that the Veteran's esophageal cancer and pancreatitis were related to service. However, the Veteran and the appellant are only considered competent to report the observable manifestations of the claimed disabilities. See Charles v. Principi, 16 Vet. App. 370, 374 (2002) ("ringing in the ears is capable of lay observation"); Layno v. Brown, 6 Vet. App. 465, 469-70 (1994) (lay testimony iterating knowledge and personal observations of witness are competent to prove that claimant exhibited certain symptoms at particular time following service). 

As to the specific issue in this case, the etiology of esophageal cancer and pancreatitis falls outside the realm of common knowledge of a lay person. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007) (lay persons not competent to diagnose cancer). In sum, the statements of the appellant (and the Veteran before her) as to etiology in this case are not competent and therefore lack probative value.

As the preponderance of the evidence is against these claims, the benefit-of-the-doubt doctrine does not apply, and the claims for entitlement to service connection for adenocarcinoma to include distal esophagus, gastroesophageal junction, and proximal stomach as a result of exposure to herbicides, and pancreatitis must be denied. See Gilbert v. Derwinski, 1 Vet. App 49 (1990).


 (CONTINUED ON NEXT PAGE)
 










ORDER

Entitlement to service connection for adenocarcinoma to include distal esophagus, gastroesophageal junction, and proximal stomach is denied. 

Entitlement to service connection for pancreatitis is denied.



______________________________________________
ERIC S. LEBOFF
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs